IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRANSPORT WORKERS UNION OF AMERICA (TWU) LOCAL 555, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | _____ |
| SOUTHWEST AIRLINES COMPANY, | § § § | |
| Defendant. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, TRANSPORT WORKERS UNION OF AMERICA LOCAL 555 ("Plaintiff" or "TWU Local 555") appears to file this Complaint against Defendant, and shows that:

## Jurisdiction

Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the issues herein present federal questions arising under the Railway Labor Act, 45 U.S.C. §151, *et seq.*, especially §§152, Seventh and 156. Relief is sought pursuant to Rule 65, F.R.C.P. and 28 U.S.C. §§2201-2202.

## Venue

All parties have their general headquarters in Dallas, Texas, within the United States District Court for the Northern District of Texas, Dallas Division, and therefore venue is

proper in this Court.

## Parties

Plaintiff Transport Workers Union of America Local 555 is a labor organization representing all ramp, operations, provisioning and freight employees at Defendant Southwest Airlines ("SWA").

Defendant is a passenger airline with operations throughout most of the United States.

## Statement of Facts

TWU Local 555 files this Original Complaint and Emergency Application for a declaratory judgment, Temporary Restraining Order ("TRO") and Motion for Preliminary Injunction pursuant to Rule 65, Federal Rules of Civil Procedure and as basis, shows the following:

1. Due to a recently issued SWA memo and requests made to Union members, TWU Local 555 has become aware that SWA is attempting to unilaterally add to or alter its binding contract (the Collective Bargaining Agreement, or CBA, Exhibit 2 to accompanying memorandum brief) with TWU Local 555. SWA seeks to impose restrictions on sick leave bargained for and contained in the CBA (Article Thirteen).

2. TWU Local 555 now moves that SWA be immediately restrained and enjoined from: (1) unilaterally declaring a "State of Operational Emergency" as a spring board for exercising rights it has not bargained for; (2) imposing not bargained-for employee obligations in the form of a requirement that in order to use a "sick day", an employee must see a doctor

and bring documentation of the visit; and (3) requiring employees to participate in "Fact-Finding" inquiries aimed at examining the legitimacy of sick day taken over the past three years. This conduct amounts to unilateral, not bargained for, changes to a binding contract between SWA and TWU Local 555 (the CBA) that will continue to cause irreparable harm to TWU Local 555 and its membership.

2. Plaintiff TWU Local 555 is a labor organization representing all of Defendant SWA's ramp, operations, provisioning and freight employees (approximately 10,000 employees). A number of these employees work at Chicago Midway Airport.

3. SWA and TWU Local 555 are and have been for over two (2) years engaged in contract negotiations pursuant to §6 of the Railway Labor Act (RLA), and the *status quo* has been maintained until January 7, 2014, pursuant to §2, Seventh of the RLA.

4. SWA experienced operational difficulties during the cold weather in December, 2013, which continued into January, 2014. On January 7, 2014, SWA advised Plaintiff TWU Local 555 that it was imposing "emergency" restrictions on employees' use of earned sick leave.

5. After SWA's unilateral change in the terms of Article Thirteen of the CBA regarding sick leave, it cancelled the emergency on January 9, 2014 (Exhibit 4 to memorandum), and instead began to issue notices to employees (Exhibit 3 to memorandum) that their sick leave use over the past two (2) years would be examined in "fact finding" or disciplinary meetings, another unilateral change to the CBA (Article Twenty, §G.1.a., which

limits such inquiries to ten (10) days prior to the notice of fact finding meetings.

6. All unilateral changes made by Defendant SWA are precluded by RLA §2, Seventh (preservation of *status quo* during negotiations) and §6 (requiring collective bargaining on such issues).

7. Such unilateral changes by Defendant SWA create a "major" dispute as the courts have termed it, as the dispute cannot be resolved under the CBA as a "minor" dispute.

8. Major disputes are those properly addressed to the courts, hence this request for temporary restraint and preliminary/permanent injunction.

9. The grounds for the temporary restraining order/preliminary injunction are more thoroughly set forth in the contemporaneously filed Memorandum of Law in Support and its exhibits.

10. Plaintiff has provided notice to all Defendants to be enjoined that Plaintiff will be forced to move for a TRO and Preliminary Injunction unless SWA's ongoing breaches are immediately ceased; assurances have not been given that they will not resume. The conduct has not entirely ceased, no assurances that similar conduct will not resume and/or continue has been offered, and irreparable harm is ongoing. Plaintiff met with Defendant on the morning of January 13, 2014, and SWA's position has not changed, and it reserved the right to declare an emergency and impose sick leave restrictions it sees fit, in the future.

11. Notwithstanding the Court's ruling on TWU Local 555's TRO Application, Plaintiff additionally requests a hearing on its Motion for Preliminary Injunction at the Court's

earliest convenience.

12. Plaintiff is willing to post bond in the amount that this Court deems proper.

## Request for Relief

13. For the reasons stated herein and in the attached contemporaneously filed documents, Plaintiff requests that this Court enter an order enjoining SWA until a final determination may be made at a hearing for Permanent Injunction.

Respectfully Submitted,

/s/ Edward Cloutman, IV
Edward Cloutman, IV
(State Bar No. 24074045)
Edward B. Cloutman, III
(State Bar No. 04411000)
**Cloutman & Cloutman, L.L.P.**
3301 Elm Street
Dallas, TX 75226-2562
Phone (214) 939-9222
Fascimile (214) 939-9229
crawfishll@prodigy.net;
edcloutman@prodigy.net

**ATTORNEYS FOR PLAINTIFF
TWU LOCAL 555**

## VERIFICATION

STATE OF TEXAS         §

COUNTY OF DALLAS   §

     BEFORE ME, the undersigned Notary Public, on this day personally appeared CHARLES CERF, President of Transport Workers Union of America Local 555, who being by me duly sworn on oath, deposed and stated that he has read the above and foregoing Plaintiff's Original Complaint and Emergency Application for Temporary Restraining Order and Motion for Preliminary Injunction and that the statements contained therein are true and correct to the best of his knowledge and belief.

_____
CHARLES CERF

     SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the ___13th___ day of January, 2014, to certify which witness my hand and official seal.



_____
NOTARY PUBLIC in and for the
State of Texas

My Commission Expires:

_____